# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:21-cv-316-GCM

| | |
|---|---|
| MANETIRONY CLERVRAIN, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| ELAINE F. MARSHALL, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Proceed *In Forma Pauperis*,[1] (Doc. No. 2), and on initial review of the Complaint,[2] (Doc. No. 1). Also pending is a "Motion for Judicial Intervention and Clarification…." (Doc. No. 3).

## I. BACKGROUND

Plaintiff is a former federal prisoner who presently resides in Indiana.[3] Plaintiff is a prolific *pro se* litigator who has filed more than 100 federal cases throughout the country, most of which have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. See Clervrain v. McMaster, 2021 WL 2582223 (D.S.C. Jan. 22, 2021) (noting Plaintiff's litigation history and imposing $402 as a sanction for Plaintiff's frivolous filing).

Plaintiff initiated the instant action by filing a 261-page "Motion for ['Prompt Notices(s)'] or ['Their Expertise Act'] ('TEA') or Opinion(s) by the National Issues Regulatory Treaties Act ('NIRTA')," which was docketed as a civil rights Complaint. (Doc. No. 1). The rambling and

---

[1] Entitled "Motion for Mitigating Financial Burden…."

[2] Entitled "Motion for ['Prompt Notices(s)'] or ['Their Expertise Act'] ('TEA') or Opinion(s) by the National Issues Regulatory Treaties Act ('NIRTA')."

[3] According to the Federal Bureau of Prisons' website, Plaintiff was released from federal custody on August 29, 2019. See https://www.bop.gov/inmateloc/; Fed. R. Ev. 201.

1

nonsensical document refers to the Board of Immigration Appeals, Immigration Customs Enforcement, and numerous other matters.

Also pending is a 311-page "Motion for Judicial Intervention(s)…" which again presents rambling and nonsensical arguments. (Doc. No. 3).

## II. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Federal courts can allow a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that he cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The individual seeking to proceed *in forma pauperis* need only show indigence or poverty sufficient to demonstrate his inability to provide for the necessities of life while paying the costs of litigation. Id. at 339-40. If a court determines at any time that the allegation of poverty made in an *in forma pauperis* application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff appears to seek *in forma pauperis* status in a 31-page "Motion for Mitigating Financial Burden…."[4] (Doc. No. 2). Plaintiff alleges that he has had an average of $2,320 in monthly income for the past 12 months from his spouse's employment, and he expects the same income next month. (Doc. No. 2 at 18). The Plaintiff's assets include a total of $1,000 in his spouse's bank accounts, and a motor vehicle worth $9,000. (Doc. No. 2 at 19). Three minor children rely on Plaintiff and his spouse for support. (Doc. No. 2 at 20). The Plaintiff reports monthly expenses of $2,797.07, including $600 for housing, 499.37 for utilities, $500 for food,

---

[4] The extraneous allegations in this document will be disregarded.

and $200 for transportation. (Doc. No. 2 at 21). The Plaintiff does not expect major changes to his monthly income, expenses, assets, or liabilities during the next 12 months. (Doc. No. 2 at 22). He does not expect to incur costs or expenses in connection with this action. (Id.).

Although the Motion is far from the model of clarity, the Court is satisfied that the Plaintiff has minimally demonstrated his inability to pay the costs of the proceedings, and his Motion will be granted.

### III. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'"). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### IV. DISCUSSION

A complaint must provide a short and plain statement of the Court's jurisdiction and for the claims against the defendants. Fed. R. Civ. P. 8(a). To satisfy Rule 8(a), a plaintiff must "offer more detail … than the bald statement that he has a valid claim of some type against the defendant."

3

Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Federal district courts are courts of limited subject-matter jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citing Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005)). They may exercise "only the jurisdiction authorized them by the United States Constitution and by federal statute." Id. (citing Bowles v. Russell, 551 U.S. 205 (2007)). Thus, a court must "presume … that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). A plaintiff bears the burden of proving the existence of subject matter jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

The Complaint is frivolous and fails to state a claim for a plethora of reasons. Rather than itemizing them, the Court will simply note that Plaintiff has failed to provide a "short and plain" statement of the claim and the Complaint is so defective and abusive that the Court is unable to determine whether it has jurisdiction over this action, who Plaintiff is attempting to sue, or the relief he is seeking.

Accordingly, the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(i)-(ii). The Plaintiff shall have **30 days** in which to file a superseding Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief, subject to applicable timeliness and procedural requirements. The Plaintiff is instructed to constrain any Amended Complaint to the equivalent of 25 typewritten pages,[5] double spaced, with a 12-point type and one-inch borders, and it must be signed. The Amended Complaint must clearly set forth the Defendants, the claims

---

[5] Any other filings, including motions and memoranda, may not exceed 10 pages unless the Plaintiff has obtained permission from the Court.

Plaintiff is attempting to pursue, the facts explaining why each Defendant should be held liable, the relief Plaintiff seeks, and the basis for this Court's jurisdiction. Plaintiff's failure to comply will result in this action's termination without further notice.

The "Motion for Judicial Intervention and Clarification…," (Doc. No. 3), is nonsensical and appears to be a piecemeal attempt to amend the Complaint. It will therefore be denied.

**The Plaintiff is cautioned that any further frivolous or abusive filings in this Court will be stricken without further notice and may result in the imposition of sanctions.**

## V. CONCLUSION

Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. The Complaint is dismissed as frivolous and for failure to state a claim upon which relief can be granted. Plaintiff shall have 30 days in which to amend his Complaint in accordance with this Order. The pending "Motion for Judicial Intervention and Clarification…" is denied. Any further frivolous or abusive filings will be stricken without further notice and may result in the imposition of sanctions.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Proceed *In Forma Pauperis*, (Doc. No. 2), is **GRANTED**.
2. The Complaint, (Doc. No. 1), is **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Plaintiff may file an Amended Complaint within **30 days** of this Order. The failure to comply with this Order will result in this action's dismissal without further notice.
3. Plaintiff's "Motion for Judicial Intervention and Clarification…," (Doc. No. 3), is **DENIED**.
4. Any further frivolous or abusive filings in this Court will be stricken without further

notice and may result in the imposition of sanctions.

Signed: July 15, 2021

Graham C. Mullen
United States District Judge