# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00316-GCM

| | |
|---|---|
| **MANETIRONY CLERVRAIN,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **ELAINE F. MARSHALL,** <br> **DEBORAH ROSS,** <br> **RICHARD BURR,** <br> **DAVID ROUZER,** <br> **ROY COOPER,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on its own motion. After the pro se complaint in this case was dismissed as frivolous, the Court warned that "any further frivolous or abusive filings in this Court will be stricken without further notice and may result in the imposition of sanctions." ECF No. 4 at 5 (emphasis removed). Plaintiff then filed four more frivolous documents. *See* ECF No. 7–10. The Court struck those filings, and ordered Plaintiff to show cause why a pre-filing review system should not be imposed on him. *See* ECF No. 11 at 2. The deadline to show cause was fourteen days from entry of the Order.[1] The deadline has long expired, and Plaintiff has not responded.

A prefiling injunction is a "drastic remedy" that "must be used sparingly" in order to preserve the constitutional guarantees of due process of law and access to the courts. *Cromer v. Kraft Foods N. Am. Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Before imposing such a "drastic

---

[1] The order to show cause was docketed on April 14, 2022, but was not sent by mail until approximately one week later. The Court therefore calculates the appropriate deadline in reference to the order's mailing date, and not in reference to the entry date.

remedy," the Court must offer a litigant the opportunity to explain why the Court should not impose it. *See Vandyke v. Francis*, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *3 (W.D.N.C. July 3, 2012). The Court has done so here. The Honorable Chief Judge Martin K. Reidinger warned Plaintiff in another case that "future frivolous filings will result in the imposition of a pre-filing review system." *See Clervrain v. Tillis*, Civil Case No. 1:22-cv-00073-MR-WCM, 2022 U.S. Dist. LEXIS 66765, at *6 (W.D.N.C. Apr. 11, 2022). And the undersigned judge warned Clervrain twice in its prior order of dismissal, and in the order to show cause why a pre-filing system should not be imposed on him. *See* ECF No. 4 at 5; ECF No. 11 at 2. The Court is therefore satisfied that Clervrain has had ample notice and an opportunity to be heard. *See Cromer*, 390 F.3d at 819.

The Court now turns to the propriety of a pre-filing review system in this case. A court must consider four factors before imposing any limitation on a litigant's access to the courts:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id*. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Vandyke*, 2012 WL 2576746, at *2 (citation omitted).

Plaintiff's history of litigation strongly militates in favor of a pre-filing review system. Clervrain appears to be a vexatious litigant, having filed federal lawsuits in every single judicial circuit in the country, including the Federal Circuit. Judges have overwhelmingly dismissed Clervrain's suits as frivolous or for failing to state a claim, calling them "nearly incomprehensible," "indecipherable," "gibberish," and "essentially jabberwocky." *See Clervrain*

*v. McMaster*, C/A No. 6:21-cv-00021-SAL-KFM, 2021 WL 2582223, at *2 (D.S.C. Jan. 22, 2021) (collecting cases).

Next, Plaintiff lacks any good-faith basis in either fact or law for his particular brand of vexatious litigation. His rambling, scattershot pleadings are so wholly devoid of merit that the Court can only infer a harassing motive for filing them.

Third, Plaintiff's litigation abuse imposes significant burdens on the courts. The Court has an obligation to liberally construe Plaintiff's pro se pleadings, requiring chambers staff to pore through hundreds of pages in search of some potentially cognizable legal claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .") (cleaned up).

Finally, the Court has considered alternative sanctions. The Court concludes that a pre-filing review system is the most narrowly tailored sanction available, balancing Plaintiff's right of access to the courts with the need to reduce the burdens associated with his frivolous litigation. *See Cromer*, 390 F.3d at 818 (requiring that a prefiling injunction be "narrowly tailored to fit the specific circumstances at issue").

After considering these four factors together, the Court will order that a pre-filing review system be imposed. All documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." *Vandyke*, 2012 WL 2576747, at *3.

**IT IS THEREFORE ORDERED** that a pre-filing review system is hereby imposed, and all documents submitted by the Plaintiff in the future, whether in this case or in any other action

filed in this District, will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation.

**SO ORDERED.**

Signed: May 16, 2022

Graham C. Mullen
United States District Judge